**ZHEN QUAN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–2584–ag.

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Zhen Quan Lin, pro se.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Daniel E. Goldman, Senior Litigation Counsel; Andrew B. Insenga, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Quan Lin, a native and citizen of the People's Republic of China, seeks review of the April 29, 2008 order of the BIA affirming the February 12, 2007 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his applica-

tion for relief under the Convention Against Torture ("CAT"). *In re Zhen Quan Lin,* No. A70 902 908 (B.I.A. Apr. 29, 2008), *aff'g* No. A70 902 908 (Immig. Ct. N.Y. City Feb. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

It is well-settled that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). We have explained that "[w]ere such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief. Neither the CAT, nor the domestic regulations implementing that Convention, anticipate or require such a result." *Mu Xiang Lin,* 432 F.3d at 160. Thus, while "conced[ing] that there is a risk that any individual detainee in China may be subjected to repressive conditions in prison," such generalized risk alone does not suffice to carry the burden of demonstrating that a petitioner is more likely than not to be tortured if repatriated

to China. *Id.* Instead, a petitioner must present particularized evidence indicating that he or she would likely be subjected to torture. *Id.*

We find that substantial evidence supports the agency's determination that Lin failed to meet his burden of proof for CAT relief. In this case, Lin relies on generalized evidence concerning the treatment of prisoners in China and has submitted no particularized evidence whatsoever indicating that he is likely to be tortured. *See Mu Xiang Lin,* 432 F.3d at 160. Indeed, *Mu–Xing Wang* and *Mu Xiang Lin,* the documents Lin submitted "by no means establish that prisoners in [the petitioner's] circumstances ... are 'more likely than not' to be tortured." *Mu–Xing Wang,* 320 F.3d at 144 n. 21; *see Mu Xiang Lin,* 432 F.3d at 160–61 (declining petitioner's CAT claim because she offered "no ... particularized evidence to support her claim").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).